■ WEST VALLEY FIRE DISTRICT No. 1, Respondent, v VILLAGE OF SPRINGVILLE, Appellant. [743 NYS2d 215] —Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered February 20, 2001, which awarded plaintiff $6,534.04 after a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted on damages only.

Memorandum: One of plaintiff's fire trucks sustained engine damage en route to a mutual aid call from defendant. Plaintiff paid to have the engine repaired and then submitted the bill to defendant for reimbursement pursuant to General Municipal Law § 209 (2). Defendant refused to reimburse plaintiff, and plaintiff then commenced this action. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and sua sponte granted summary judgment to plaintiff on the issue of liability on the ground that General Municipal Law § 209 (2) provides that the requesting municipality is responsible for any damage to the equipment of a fire company incurred while the fire company is responding to a mutual aid call, even if the damage is not directly related to fighting the fire. The court further determined that it could not conclude upon the record before it whether there was a question of fact concerning the "reasonableness of the cost of the repairs made." Although the decision provided that "[c]ounsel for plaintiff shall submit an order," no order was ever submitted or entered. Following a trial on damages seven months later, County Court awarded plaintiff the total amount charged for repairs. The verdict is not against the weight of the evidence.

Defendant contends that plaintiff abandoned the court's determination of liability in its favor by failing to submit an order within 60 days, as required by 22 NYCRR 202.48 (a). That contention is raised for the first time on appeal and we decline to address it (*see Meldrim v Hill,* 260 AD2d 836, 839). By failing to raise that contention below, defendant "precluded any development of the record in this regard, particularly relating to the question of 'good cause' for any delay" (*id.*).

Defendant also contends that the court erred in admitting in evidence as a business record the invoice for repairs to the vehicle. We agree. A document may be admitted as a business record upon proof that it is made and kept in the regular course of business (*see* CPLR 4518 [a]). A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures (*see Sabatino v Turf House,* 76 AD2d 945, 946). Here, the invoice was admitted during the testimony of a fire commissioner who received the invoice in his capacity as a fire commissioner for plaintiff; he was not an employee of the repair company that issued the invoice. The fact that the fire commissioner received the invoice and filed it in the regular course of business does not render him capable of providing a proper foundation for the admission of the invoice (*see People v Surdis,* 275 AD2d 553, 554-555, *lv denied* 95 NY2d 908). Although a proper foundation may also be provided where an entity shows that it routinely relies upon the business records of another entity in the performance of its own business (*see People v DiSalvo,* 284 AD2d 547, 548-549; *see also People v Cratsley,* 86 NY2d 81, 90-91; *Plymouth Rock Fuel Corp. v Leucadia, Inc.,* 117 AD2d 727, 728), plaintiff failed to make that showing here. We therefore conclude that the invoice should not have been admitted in evidence. Because the invoice is the only evidence that was submitted concerning the repairs that were performed, its admission cannot be considered harmless error. Thus, we reverse the judgment and grant a new trial on damages only. In light of our determination, it is unnecessary to reach defendant's remaining contention. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.