# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**892**
**CA 11-00571**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

UNIFUND CCR PARTNERS, PLAINTIFF-RESPONDENT,

               V                       MEMORANDUM AND ORDER

GERALD YOUNGMAN, DEFENDANT-APPELLANT.

---

SHEAR LAW FIRM, P.C., BUFFALO (JASON A. SHEAR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LACY KATZEN LLP, ROCHESTER (JOHN M. WELLS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered June 18, 2010.  The order granted the motion of
plaintiff for summary judgment and denied the cross motion of
defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
the cross motion is granted and the complaint is dismissed.

Memorandum:  Plaintiff, as the alleged assignee of Chase
Manhattan Bank (Chase), commenced this action for breach of contract
and account stated seeking to recover reasonable attorneys' fees and
the balance owed on a credit card issued to defendant.  We conclude
that Supreme Court erred in granting plaintiff's motion for summary
judgment and instead should have granted defendant's cross motion for
summary judgment seeking dismissal of the complaint on the ground that
plaintiff lacked standing to sue defendant (*see* CPLR 3211 [a] [3]).
To establish such standing, plaintiff was required to submit evidence
in admissible form establishing that Chase had assigned its interest
in defendant's debt to plaintiff (*see Palisades Collection, LLC v
Kedik*, 67 AD3d 1329, 1330), and plaintiff failed to do so.

Here, plaintiff submitted an affidavit of its agent, a "Legal
Liaison" employed by plaintiff rather than Chase, along with exhibits
that included credit card statements and account balance documents
from the business records of Chase.  We reject plaintiff's contention
that it thereby submitted the requisite business records to establish
its standing.  A business record is admissible if "it was made in the
regular course of any business and . . . it was the regular course of
such business to make it, at the time of the act, transaction,
occurrence or event, or within a reasonable time thereafter" (CPLR
4518 [a]).  "A proper foundation for the admission of a business

record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950).  Although plaintiff's agent averred that the credit card statements and account balance documents were made and kept in the regular course of business, the agent did not establish that he had personal knowledge of Chase's business practices or procedures, nor did he establish when, how, or by whom the credit card statements and account balance documents were made and kept (*see* CPLR 4518 [a]; *West Val. Fire Dist. No. 1*, 294 AD2d at 950).  Thus, we cannot agree with plaintiff that it established a proper foundation for the admission of the credit card statements and account balance documents under the business record exception to the hearsay rule sufficient to establish standing (*see Palisades Collection, LLC*, 67 AD3d at 1330-1331; *see generally Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531).

Entered:  November 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court