

FILED
December 8, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk



RECEIVED
DEC 0 8 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Document Number: 03-15-00471-CV

(Trial Court Number: 14-0679-C)

IN THE

COURT OF APPEALS

FOR THE 3RD JUDICIAL DISTRICT OF TEXAS

ROSE MARIE GEISTER
APPELLANT

PRO SE LITIGANT

VS.

DISCOVER BANK/ZWICKER AND ASSOCIATES
APPELLEE

REPLY BRIEF OF APPELLANT

(1)

TABLE OF CONTENTS

Pages:

COVER...........................................................................................1

TABLE OF CONTENTS...............................................................2

IDENTITIES OF ALL PARTIES....................................................3

LIST OF AUTHORITIES..........................................................4, 5, 6

ISSUES PRESENTED............................................................ 7, 8, 9,
10, 11, 12, 13,
14, 15, 16, 17

STATEMENTS OF THE CASE..............................................18, 19, 20

STATEMENT OF FACTS.......................................................21, 22, 23
24

STANDARD OF REVIEW..............................................................24

ARGUMENT AND AUTHORITIES.......................................24, 25, 26
27, 28, 29
30, 31, 32

PRAYER.......................................................................................32

APPENDIX A.................................................................................36

CERTIFICATE OF COMPLIANCE..................................................33

CERTIFICATE OF SERVICE...........................................................34

CERTIFICATE OF SERVICE II........................................................35

(2)

## IDENTITIES OF ALL PARTIES

Pursuant to Rule 38.1 (a) of the Texas Rules of Appellate Procedure,

Appellant certifies that the following is a complete list of all parties

interested in the outcome of this appeal, and their attorneys of record.

1.  Appellant (Pro Se), ROSE MARIE GEISTER, 156 Granite Shoals Drive
    Kyle, Texas 78640. (512) 644-7221

2.  The Honorable DAVID SCOTT GLICKLER, Trial Judge, Hays County
    Government Center, 712 S. Stagecoach Trail, Suite 2292,
    San Marcos, Texas 78666. (512) 393-7625

3.  DISCOVER BANK, Appellee

4.  TROY DEAN BOLEN, SBN: 24006199, lead attorney for Appellee.
    He is with Zwicker and Associates, Old Town Square,
    1 Chisholm Trail, Suite 301, Round Rock, Texas 78681.
    (512) 218-0477

5.  PAUL VAN SWEARINGEN, Trial Count attorney for Appellee,
    also with Zwicker and Associates, Old Town Square,
    1 Chisholm Square, Suite 301, Round Rock, Texas 78681.
    (512) 218-0477

(3)

# LIST OF AUTHORITIES

## CASES:

1. Sax v. Votteler, 648 S.W. 2d 661, 665 (Tex. 1983)..................................14, 15, 16
2. Doe v. Schneider, 443 S. Supp. 780 (D. Texas 1978)..........................14, 15, 16
3. Boddie v. Connecticut, 401 U.S. 371, 377, 91 S. CT. 780, 785 (1971).........................................................................................................14, 15, 16
4. Zecca v. Riccardelli, 293 AD2d 31, 34 (2d dept 2002)...........................19
5. Manufacturers & Traders Trust Co. v. Riggins, 2012 NY Slip Op 50814 (Dist Ct Nassau Co.), quoting (Zecca v. Riccardelli and Wingrad v. NYU Med Center. 64 NY2d 851, 853 (1985)......................19
6. American Express v. Badalamenti, 2010 Slip Op 52238 (Dist Ct Nassau Co.), quoting (Zuckerman v. City of N.Y., 49 NY2d 557, 562 (1980).............................................................................19
7. Discover Bank v. Parisi, index no. 23561/10, decision dated June 21, 2012 (Dist Ct Nassau Co.)........................................................19, 20, 21, 27, 29
8. Discover Bank v. Kivita, index no.15445/10, decision dated March 29, 2011 (Dist Ct Nassau Co.)...................................................19, 20, 21 25, 26, 27 31
9. Discover Bank v. Shea, index no. 23257/10, decision dated February 8, 2011 (Dist Ct Nassau Co)......................................................20
10. Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit court Sept. ,2004......................................21
11. Spears v. Brennan.............................................................................................23
12. Valence Operating Company v. Dorsett, 164 S.W. 3d 656, 651 (Tex. 2005)........................................................................................................24, 26

(4)

13. CACH LLC v. Fatima 2011 NY Slip Op 51510 (Dist Ct Nassau Co.),
Citing in re Welch, 2006 WL 3859233 (Bankr Ct ED Pa 2006),
quoting in re Crosby. 261 BR 470, 474 Bankr Ct D Kan 2001)..............26, 30

14. Amtrust Bank v. Fossett, 223 Ariz., 438, 224 P3d 935
(App) 2009)................................................................................27

15. Citibank v. Zaharis, index no. 20670/10, decision dated
October 18, 2011 (Sup Ct. Queens Co.).........................................27

16. Citibank v. Martin, 11 Misc 3d 219 (Civ Ct NY Co 2005)....................27, 28

17. Unifund CCR Partners v Youngman, 89 AD3d 1377 (4th Dept 2011)...27

18. Unifund CCR Partners, supra, quoting West Val. Fire Dist. v.
Village of Springville, 294 AD2d 949, 950 (4th Dept 2002)...................28

19. American Express v. Badalamenti, 2010 NY Slip Op 52238
(Dist Ct Nassau Co.), quoting American Express v. Bajek,
2010 NY Slip Op 52005 (Sup Ct Orange Co.).......................................28

20. Palisades Collection LLC v. Kedik, 67 AD3d 1329 (4th Dept 2009).......29

21. Viviane Etienne Med. Care P.C. v. Country Wide Ins. Co.,
31 Misc 3d 21 (App Term 2d Dept 2011)...........................................31

22. Carothers v. GEICO, 79 AD3d 864 (2d Dept. 2011).............................31

23. Art of Healing Medicine, v. Travelers Home & Marine Ins.,
55 AD3d 644 (2d Dept 2008)...........................................................31

24. Pope and McConnico, (Practicing Law with the 1981 Texas Rules,
32 Baylor L. Rev. 457, 484 (1980)..................................................

## RULES:

1. Tex. R. App. P. 39.7.................................................................3
2. Tex. R. App. P. 44.1 (a), (1) and (2)..........................................18
3. Tex. R. Civ. P. 166a (c)...........................................................24

## STATUTES:

1. RICO Criminal Statute, (18 U.S.C.A. s 1963).................................11, 18
2. Statute of Frauds..................................................................10, 11, 13
                                                                   14, 16, 18

## CODES:

1. Tex. Government Code Annotated S 51.901................................10, 12, 13
15, 19

## TEXAS CONSTITUTION:

1. Article 1, Section 13................................................................13, 14

## AMENDMENTS:

1. 5TH and 14TH Amendment................................................14

## VIOLATIONS:

1. The Fair Debt Collection Practices Act................................18, 20, 23
2. State Consumer Protection Law................................................18
3. The Fair Credit Reporting Act................................................23
4. Deceptive Trade................................................................18

## OTHER AUTHORITIES:

1. Abuse of Discretion................................................ 10, 12, 14,
18
2. Due process of Law................................................14, 15, 16
17, 18
3. Unjust Enrichment................................................17
4. Willful-Non Compliance................................................24
5. Application of Brux, 216 F. Sup. 956 (D. Haw. 1963................17
6. Illegal Entry Into the Court Appellee/Plaintiff................12, 16
7. Issuing an Improper summary Judgment................................9, 18
8. Validation of the Debt, FDCPA Section 809 (15 USC 1692g)............ 16, 20, 22
9. Basic Contract Law................................................21

## ISSUES PRESENTED

## ALSO, IN ANSWER TO APPELLEES FOUR ISSUES IN HIS BRIEF:

1. The Plaintiff's Motion for Summary Judgment was delivered to me by certified mail, along with what they are saying is the validation of debt, five months after I requested validation of the debt. I would have never signed for anything from Zwicker and Associates, in normal letter size, as I already was aware that they were an untrustworthy firm. Had it been delivered in normal letter size, I would have refused it, and let it be returned to sender.

Nowhere in that package I received from Zwicker, were there any instructions on having to reply, or anything else to alert me, to reply in writing, and state any objections I may have. They knew I did not have a lawyer, and could not afford to get one. Whenever I did try to talk to Zwicker, they would state that I was a client of Freedom Debt Relief, and that FDR was my Power of Attorney, so they could not talk to me. They also knew that any paperwork they send to me, they should have sent to Freedom Debt Relief, as well. FDR would have alerted me as to what to do, and they knew that.

(7)

So, I have not waived my right to anything, as I was not informed about having to reply. I thought all I had to do was wait for the date notice, telling me when to appear in court.

There was no cover letter, as I was informed by other attorney's, that there should have been.

So again, trickery and deceit, at the hands of Zwicker and Associates.

To state again, that I HAVE NOT WAIVED MY RIGHTS TO ANYTHING, pertaining to trial cause # 14-0679C and Appeal # 03-15-00471- CV, as I was not properly instructed by Discover Bank/Zwicker and Associates. pertaining to the paperwork that they sent me on 24th day of March, 2015. They should have enclosed some sort of cover letter explaining, but they did not.

2. Zwicker lawyer, Elise D. Manchester has signed the Summary Judgment, after the Trial Court Judge David Scott Glickler, signed the Summary Judgment. Troy Dean Bolen is the lead attorney, in this case. Troy Dean Bolen signed the Proposed Findings of Fact and Conclusions of Law, after the Trial Court Judge signed the Proposed Findings of Facts and Conclusions of Law.

(8)

Yet, in the Summary Judgment the Judge states: "After careful consideration of the pleadings, the other summary judgment evidence, and the ARGUMENTS OF THE PARTIES, it appears that there is no genuine issue of material fact and the Plaintiff is entitled to summary judgment as a matter of law".

And, in the Proposed Findings of Fact and Conclusions of Law the Judge States: "Attorney for Plaintiff and Pro Se Defendant were present at the hearing. After considering the PLEADINGS, the EVIDENCE, AND THE ARGUMENTS FROM BOTH PARTIES, the court makes its findings of fact and conclusions of law".

Did the Judge, David Scott Glickler, ERR by presenting false facts in his Summary Judgment, Breach of Contract, as a matter of law.... and his Findings of Facts and Conclusions of Law? Did he willfully, and negligently ERR, signing both of those documents, knowing that they contained untruths? As, according to Mr. Bolen's Brief, I was not allowed to provide ANY testimony at a Summary Judgment proceeding, because it was not permitted. (??) If so, this constitutes that the summary judgment was improper, for sure, as the Judge David Glickler, Zwicker lead attorney Troy Bolen, and Zwicker lawyer, Elise Manchester, all knowingly signed

(9)

untrue documents. This is a crime, this is FRAUD, this is Abuse

of the Judge's Discretion, and in violation of my right to due process.

Also, the fraudulent documents, Customer Agreement, and Affidavit,

were also excepted by the judge as proof, of the ability to issue me a

summary judgment. There are other judges out there, not excepting

them, knowing that they are ROBO-SIGNED, simply by the feel of them.

I lost a lot of money in 2008, because of the foreclosure fiasco. So, I am

somewhat savvy on the subject. Beginning with Senate Committee

hearings in 1951, by Senator Estes Kefauver, Congress finally passed RICO

CRIMINAL STATUTE, (18 U.S.C.A. s 1963).

Racketeering activity under Federal Law includes a number of criminal

offenses. The offenses pertaining to me, at this time, include:

FRAUD, relating to "The fraudulent customer agreement, and the

fraudulent affidavit documents, mail fraud, wire fraud,

financial institution fraud, obstruction of justice, witness tampering,

extortion", ........just to name just a few.

Mr. Bolen states in his brief that, Appellant's allegations regarding the

court reporters record is unsubstantiated, and irrelevant to this appeal.

(10)

The court reporters record was asked for by the Appeals Court, as they

asked me to make arrangements for payment for it, so that the appeals

court can examine it.  And, how is it irrelevant, when it is another fraud

applied to my case. (Texas Government Code Annotated S 51.901) states:

It is a crime to intentionally, and/or knowingly, file a fraudulent court

record, or a fraudulent instrument, with the clerk of Appeals Court.

In the court reporter's record, on page 7, Zwicker Attorney,

Paul Van Swearingen stated to the Judge David Scott Glickler, that:

"Here..here's the provision of the card member agreement that I am

referring to, which is highlighted. I think that"..

And then I asked: "Is my signature on that agreement"?

Both of them, The Judge and Mr. Swearingen, shot a sharp, worried look at me,

and then the Judge stated: "Ma'am hold on..YOU'LL GET A CHANCE TO REBUT".

I never did get an answer from them, pertaining to that question.

It went back to Mr. Swearingen speaking, and when he finished:

On page 8 of the reporter's record, the Judge said:

"Okay, Ms. Geister, now it's YOUR OPPORTUNITY TO ADDRESS THE COURT".

Why is Zwicker's lead Attorney, Troy Dean Bolen's Issue Two telling us that:

(11)

oral testimony is not permitted at Summary Judgment hearings??

The Plaintiffs, Discover Bank, and a Zwicker and Associates attorney

Paul Van Swearingen, had illegally entered the Court of Law No. 2, on

July 13, 2015, with their fraudulent affidavit, and agreement.

So, Judge David Scott Glickler had to have erred, telling me to go ahead

and speak, to tell my side of the argument, when he was not going to let

me speak, and constantly interrupted me, without reason. That was a

Travesty of Justice, the way things happened in that court room,

he was very prejudiced toward the Plaintiff, and very rude, pushy,

and unreasonable towards me. All of this culminates into the Trial Judge's

Abuse of Discretion. Examples of Abuse of Discretion include, not allowing

an important witnesses to testify, making improper comments that might

influence a jury, showing bias, or making rulings on evidence that deny

a person a chance to tell his or her side of the matter. I suspected that

there was a conspiracy after going through that courtroom ordeal,

and I became convinced of it, when I received the court reporters

transcript, and realized that she had grossly altered it.

There would be no other reason for her to do that,

(12)

unless someone had conspired with her, to do that.

It is a fraudulent, criminal act to knowingly turn in an untrue

fraudulent instrument to the Clerk of Appeals Court. It is an

intentional wrongdoing. An untruth was published which is

particularly harmful to me, and I refuse to just let it go. I don't

want to allow her do the same thing to someone else.

(Tex. Government Code Ann. S51.901).

Plaintiff had to possess a signed agreement, signed by the defendant

Rose M. Geister. If a lawyer files a suit without that contract in hand, he is in

violation of the law. He has to either have that signed contract, or he has to

have SOMEONE COMING INTO COURT, WHO HAS PERSONAL KNOWLEDGE OF

THAT SIGNED CONTRACT, and he had neither. On August 17th, 2015, Lacey

Of Discovers Litigation Dept., told me over the phone that there was no

signed contract. Without a signed, binding contract, can a Summary

Judgment for Breach of CONTRACT, as a matter of law, be given legally?

Under Article 1, Section 13 of the Texas Constitution:

"(a) all courts shall be open, and every person for an injury done him/her,

In his lands, goods, person or reputation, shall have remedy by due course

(13)

of law." In interpreting the requirements of Section 13, the Texas Supreme Court has stated that "a statute or ordinance that unreasonably abridges a justifiable right, to obtain redress for injuries caused by the wrongful acts of another, amounts to a denial of due process under Article 1, Section 13 and is therefore VOID. (Saxs v. Votteler, 648 S.W. 2d 661, 665 (Tex. 1983).

In applying this standard the court 'stated that the litigants' right to redress would be balanced against the legislative basis for the regulation, considering both the general purpose or the rule and the extent to which the litigants' right to redress is effected. (Saxs v. Votteler, 648 S.W. 2d at. 665-666.

Moreover, since 1885 the U.S. Supreme Court has recognized that the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution guarantees a right of access to litigants to the judicial process. (Doe v. Schneider, 443 F. Supp. 780 (D. Kansas, 1978).

The right of access is triggered when "the judicial proceeding becomes the only effective means of resolving the dispute at hand...." (Boddie v. Connecticut, 401 U.S. 371, 377, 91 S. Ct. 780, 785 (1971).

The "right of access" is a right to effective access to judicial recourse as opposed to a certain remedy. When the availability or functioning

(14)

of the judicial process is impaired by acts of the State, so as to interfere with, or impede a litigants access to the judicial system for redress of his/her rights, the State has deprived that person of liberty or property without due process of law. (Doe v. Schneider, 443 F. Sup. at. 787; Boddie v. Connecticut, 91 S. Ct. at. 791 (Brennan concurring); See Pope and McConnico, (Practicing Law with the 1981 Texas Rules, 32 Baylor L. Rev. 457, 484 (1980)). A cause of action whether grounded in the common law or granted by statute, is a property right protected by the guarantee of due process. (Saxs v. Votteler, 648 S. W. 2d at. 665).

Courts, when applying the due process guarantee to the right of access, have found that a refusal to allow an individual to be served with judicial process violates due process of law. (Application of Brux, 216 F. Sup. 956 (D. Haw. 1963). (Doe v. Schneider 443 F. Supp. at 787.)

3. In trial court, I have brought up to Judge David Scott Glickler, and they are recorded in the reporter's record, or the corrected information sheet, that I have included in the complaint of the court reporter;

(15)

1. Ms. Geister: They never did validate the debt.

   The Court: Okay.

   Ms. Geister: That is something that needs to be, you know, done,

   OR, <u>THEY HAVE ENTERED THE COURT IMPROPERLY.</u>

2. Ms. Geister: Discover is next up to be settled by Freedom Debt

   Relief, of which I am a Client.... Settlement will

   take place by August 1st , 2015. Zwicker and

   Associates, is well aware of this.

3. Ms. Geister: I complain that they violating the Statute of Frauds.
   (And, there was plenty of fraud, thrown into this
   lawsuit, by Zwicker and Associates.)

4. The Court: The Judge said "that he is not listening to another

   word I say, as he has already made up his mind,

   I am going to sign this right now for Summary

   Judgment/Breach of Contract. Pay your bills,

   that is what you are supposed to do".

   (True to form, Freedom Debt Relief settled on
   July 31, 2015 for $5435.00, 71.43% of the debt they
   claim I owe. Up to November 25, 2015, I have paid
   Discover Bank, thru Zwicker, 1822.00 of the settled
   amount, and on December 29, 2015 another payment

(16)

will have been paid, which will be the sixth payment, leaving a balance PAID of 2338.00. The last six payments will all be larger payments, 516.00 for 5 months and 517.00 for 1 month, paying the balance off by June 30, 2016.)

(Zwicker only needs to pay $5435.00 to Discover Bank, and Discover will pay them for their work, that is not enough for them however, they want a judgment so that they can also collect the difference from me, plus costs. The difference amounts to $1806.00, and only the Lord knows what they would charge for costs, plus any pre-judgment and/or post judgment interest, that they would like to add. And, the Lord only knows what else they may try to steal from me. It is money that I do not have, and will not have for a few years, but Zwicker is trying to keep me under their thumbs, and try to grab all the money from me that they can, which would destroy my life. This is UNJUST ENRICHMENT. I am 70 years old, just went thru chemotherapy and radiation, in the first six months of this year, and I am very worried about all the stress, that this is causing me. I do not think I deserve it, as I am trying to pay off all of my debts since March 2, 2014, which is when I started with Freedom Debt Relief. I lost a lot of money in 2008, and I could have just filed bankruptcy, but I chose to be fair, and pay back as much as I could.)

4.  I put thru quite a few motions, and complaints to the clerk of court,

Liz Gonzalez, which I paid for, and which were transferred to the

Appellate Court, basically at their request, as they asked me to set up

(17)

payment arrangements, so as they can be sent to the Appellate Court.

Which I certainly did!! I did show those motions etc., and complaints to

Judge Glickler while in court. And he answered back with," I do have

copies of these, by the way, in the file. Thank you.", (it is on page 10 of

the court reporters record), and handed my copies back to me. The rest

is what happened to me in the Trial Court. And, I certainly do not have

to play mute, after being abused in so many ways in the court.

## STATEMENT OF THE CASE

1.   The trial court Judge erred, after abusing his discretion by

allowing the fraudulent generic BUSINESS RECORDS AFFIDAVIT, and the

unsigned generic CUSTOMER AGREEMENT into evidence, despite being

in violation of the RICO VIOLATIONS, Violations of THE FAIR DEBT

COLLECTION PRACTICES ACT, DECEPTIVE TRADE, and the STATE

CONSUMER PROTECTION LAW, as well as, the Tex. R. App. P. 44.1 (a),
(1) and (2).

2.   The Trial Court Judge erred by not exercising DUE PROCESS of LAW,

The court issued an IMPROPER JUDGMENT, and PREVENTED THE DEFENDANT

FROM PROPERLY PRESENTING HER CASE.

(18)

3. The court reporter, Lori Schmid's transcript was obviously

CHANGED OR INTENTIONALLY ENTERED WRONGLY, to favor the judge,

and put me, the defendant, at a disadvantage. That would be a

CRIMINAL ACT, and I have filed a complaint against her. (TEX. Gov't Code Ann. S51.901)

4. Plaintiff moves for summary judgment upon a claimed credit card

debt. Although no opposition to the motion has been received, to date,

"basic summary judgment principles have long held that it is the movant's

BURDEN to present EVIDENCE demonstrating its PRIMA FACIE ENTITLEMENT

TO JUDGEMENT, AS A MATTER OF LAW." (Zecca v. Riccardeli, 293 AD2d 31, 34 (2d DEPT 2002).

"Even when there is no opposition to a summary judgment motion, the court

Is not relieved of its obligation to ensure that the movant has demonstrated

its entitlement to the relief requested." Id.; see also (Manufacturers & Traders

Trust Co. v. Riggins, 2012 NY Slip Op 50814 (Dist Ct Nassau CO.), quoting

(Zecca V. Riccardelli, supra; Wingrad v. NYU Med Center. 64 NY2d 851, 853 (1985)).

To meet its burden on this motion, Plaintiff must tender "evidentiary proof

in admissible form."

(19)

See (American Express v. Badalamenti, 2010 NY Slip OP 52238 (Dist Ct Nassau Co.), quoting (Zuckerman v. City of N.Y., 49 NY2d 557, 562 (1980)).

HAVE PLAINTIFF'S MOVING PAPERS FALLEN SHORT??

See, (Discover Bank v. Parisi, index no. 25361/10, decision dated June 21, 2012 (Dist Ct Nassau Co.)); (Discover Bank v. Kivita, index no. 15445/10, Decision dated March 29, 2011 (Dist Ct Nassau Co.)); (Discover Bank v. Shea, Index 23257/10, decision dated February 8, 2011 (Dist Ct Nassau Co.)).

To Be Clear, under the FDCPA, even if Discover Bank hires a lawyer or law firm to collect a debt from you, the lawyer or law firm is still considered a collector, and must adhere to the FDCPA. (TITLE VIII – DEBT COLLECTION PRACTICES (FAIR DEBT COLLECTION PRACTICES ACT) S 803. Definitions (15 USC 1692a). As used in this title....

(6) The term debt collector means any person who uses any instrumentality of interstate commerce, or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

So when a collection agency is assigned your debt, they are not the creditor. They are the debt collector, and the actions they take are all governed by the FDCPA.

(20)

## STATEMENTS OF THE FACTS

Discover Bank/Zwicker & Associates, did not answer my TWO requests for DEBT VALIDATION. My right to validate the debt, under the FDCPA, is that I am allowed to validate my debt, and the creditor (in this case, the collection agency) must provide me with one of the necessary debt validation items listed below.

1. Proof that the collection company owns the debt, or has been assigned the debt. This is BASIC CONTRACT LAW. It is very difficult to get a judgment without a direct contract between the collection agency, and the original creditor.

2. A copy of a statement from the original creditor. I have asked for specifics, which I have a right to do, under the FDCPA. (See copies of my debt validation requests, in the "Appendix A" section of this Reply Brief.)

This requirement was established by the case, (Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit court Sept. 2004.)

3. A copy of the ORIGINAL SIGNED LOAN AGREEMENT, or CREDIT CARD APPLICATION.

(21)

4. A copy of a CANCELLED CHECK from me to the Original Creditor.

I will continue to treat any collection agency or law firm, who says they own the debt as a collection agency, SUBJECT TO THE FDCPA. I have still not received validation, and proof of purchases, and the other requests I have made in my TWO UNANSWERED REQUESTS FOR VALIDATION, dated November 17, 2014, and May 7, 2015 of my debt. And, as well, if they cannot validate it, they cannot prove that I owe the debt. The requirements of debt validation are not tough. However, it is not enough to send me a computer- generated printout of the alleged debt.

The specific section of the FDCPA:

FDCPA Section 809. Validation of debts. (15 USC 1692g).

(b) If the consumer notifies the debt collector in writing within the 30-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt.

(22)

If the creditor cannot validate a debt:

They are not allowed to collect the debt.

They are not allowed to contact me about the debt.

They are also not allowed to report it under the FAIR CREDIT REPORTING ACT,

FCRA. Doing so, is a violation of the FCRA, and the FCRA states that I can sue

for damages for any violation(s) of the Act.

A collection agency CANNOT report a debt to the credit bureaus which has not

been validated, and, I can sue in Federal or State Court if I have them on a

violation. I could receive an amount of money for the incident, plus damages.

Some collection agencies are starting to respond with SUMMONS TO APPEAR

IN COURT. There is a precedent which says that a collection agency cannot

even file suit against me, if they have not validated the debt,

within the 30 day period. This did happen to me, and I am citing the case:

(Spears vs. Brennan).

The Appeals Court Determined:

"Brennan (Plaintiff collection agency attorney) violated 15 U.S.C.

S 1692g (b) when he obtained a default judgment against Spears

(the defendant) after Spears had notified Brennan in writing that

(23)

the debt was being disputed, before Brennan had mailed verification of the debt to Spears. This means that I have an absolute defense in court to deny them judgment, if they still have not validated the debt. (and I did bring this up in court to Judge Glickler. It is located on page 10 of the reporter's record, and on my correction sheet # 1).

This could be grounds for getting the judgment reversed. It is also yet another violation of the F.D.C.P.A. This is exactly what happened to me by Discover Bank, and Zwicker and Associates, (Troy Dean Bolen is lead ATTORNEY FOR Zwicker.

Discover and Zwicker are teetering on the edge of:

WILLFUL NON-COMPLIENCE AS,

Debt Validation is a LEGAL PROCEDURE, which is spelled out by the F.D.C.P.A.

## ARGUMENTS AND AUTHORITIES

### 1. Standard of Review

Summary Judgments are reviewed de novo. (Valence Operating Company V. Dorsett, 164 S.W. 3d 656, 651 (Tex. 2005)).

A movant is entitled to traditional summary judgment if:

(24)

(1) there are no general issues as to any material fact, and,

(2) the moving party is entitled to judgment, as a matter of law.
(Tex. R. Civ. P. 166a (c).

Please see Arguments and Authorities in my Appellate Brief, pages

16 thru 19.

In exchange for a "bad debt" tax write-off, Discover Bank has

CHARGED-OFF my debt. In Discover Bank v. Kivita, supra, this court

denied a similar summary judgment motion by Plaintiff, Discover Bank/

and Zwicker and Associates in Rochester N.Y., noting that any such

charge-off may have triggered a mandatory duty under IRS regulations

to issue a 1099-C form to defendant, with attendant tax consequences

for Defendant. (www.irs.gov/instructions/i 1099ac/ar02..html).

A debt is deemed cancelled under the IRS regulations when a creditor

stops collection activity after a defined period pursuant to an established

business practice. Id. A creditor typically does so in order to take

advantage of IRS rules, allowing tax deductions for "bad debts".

(www.irs.gov/publications/p535/ch10.html). Such actions by a creditor,

in turn, may render it inequitable to allow it to belatedly enforce the

alleged debt after it received the "charge-off".

(25)

(This also was brought up in the court to Judge Glickler, on page 13 of the reporter's transcript, and on my correction sheet #'s 7, 8, and 9).

See, e.g. (CACH LLC v. Fatima, 2011 N.Y. Slip Op 51510 (Dist Ct Nassau Co.), citing In re Welch, 2006 WL 3859233 (Bankr Ct ED Pa 2006), quoting In re Crosby, 261 BR 470. 474 (Bankr Ct D Kan 2001).

"The actual (or at least potential) tax consequences of the form make it inequitable to allow the (creditor) to enforce its claims against the debtors";

See also, (Amtrust Bank v. Fossett. 223 Ariz. 438, 224 P3d 935 (App 2009).

(issuance of Form 1099-C after debt was written off is "prima facie evidence that the debt has been discharged by creditor, sufficient to create an issue of fact). (Discover Bank v. Kivita, supra).

The issue is not addressed in Plaintiff's moving papers. No effort is made to explain why Plaintiff should be allowed to bring suit upon the balance, while it retains the tax benefit of the charge-off, with a resultant potential tax consequences to Defendant under IRS regulations.

The Plaintiff's papers include no proof, respecting the terms of the cardmember agreement in effect when the cardmember account was opened in 2005, or any proof that Plaintiff's 2011 cardmember agreement was duly mailed to defendant, in the ordinary course of

(26)

Plaintiff's business. Submission of such proof is ordinarily required to establish the terms governing the account, and to establish defendant's breach of her obligation and the proper amount of Plaintiff's damages. See (Discover Bank v. Parisi, supra; Discover Bank v. Kivita, supra; Citibank v. Zaharis, index no. 20670/10, decision dated October 18, 2011 (Sup Ct. Queens Co.); Citibank v. Martin, 11 Misc 3d 219 (Civ Ct NY Co 2005).

In the absence of such proof, plaintiff's moving papers are insufficient to demonstrate its entitlement to judgment, as a matter of law, upon its breach of contract cause of action.

Finally, Plaintiff's papers are inadequate to meet its burden of submitting evidentiary proof of its claims "in admissible form". Like any other generally "reliable" business records, monthly credit card statements are "admissible in evidence" under CPLR 4518 as proof of an "act, transaction, occurrence or event" only if supported by a "sufficient foundation." See, Unifund CCR partners Partners v. Youngman, 89 AD3d 1377 (4th Dept 2011).

"A proper foundation for the admission of a business record must be

(27)

provided by someone with personal knowledge of the maker's business practices and procedures".

Unifund CCR Partners, supra, quoting West Val. Fire Dist. v. Village of Springville, 294 AD2d 949, 950 (4th Dept 2002).

Plaintiff's papers superficially seek to satisfy this requirement through the submission of an affidavit from Franklin T. Akers, a "Litigation Support Specialist" for a "servicing affiliate" of Plaintiff. The affidavit signed by Mr. Akers has the look and feel of a robo-signed affidavit that was "prepared in blank in advance of knowing who would sign the affidavit". See, (American Express v. Badalamenti, 2010 NY Slip Op 52238 (Dist Ct Nassau Co.), quoting American Express v. Bajek, 2010 NY Slip Op 52005 (Sup Ct Orange Co.).

Moreover, the affidavit is identical, except for the amount claimed, to affidavits from other individuals, employed by this servicing affiliate. See, (Discover Bank v. Parisi, supra).

Upon closer examination of the Litigation Support Specialist's affidavit, it is apparent that it fails to satisfy the foundational requirements, for the submission of Plaintiff's "business records" (CPLR 4518). Although

(28)

the affidavit avers, in conclusory terms, that the account statements were all created and sent to defendant in the regular course of Plaintiff's business, and that he is "fully familiar with the Plaintiff's record keeping practices", his affidavit otherwise fails to establish how he acquired such "personal knowledge of Plaintiff's business practices or procedures..." See, (Unified CCR Partners v. Youngman), supra; see also, Palisades Collection LLC v. Kedik, 67 AD3d 1329 (4th Dept 2009); CACH, LLC v. Fatima, 2011 NY Slip Op 51510 (Dist Ct Nassau Co.); American Express v. Badalamenti, supra; Discover Bank v. Parisi, supra). Moreover, his affidavit makes no effort to "establish... how...the credit card statements...were made and kept."

See, (Unified CCR Partners v. Youngman, supra; Discover Bank v. Parisi, Supra).

Notably, plaintiff Discover Bank, "an FDIC insured Delaware State Bank, "allegedly operates and maintains its Discover Card accounts from a business address in Salt Lake City, Utah. Payments on defendant's account, in turn, were to be sent to a different address, in Charlotte, North Carolina. Mr. Akers, however, apparently works at neither

(29)

address, his affidavit was signed in Franklin County, Ohio. Indeed,

it appears that his sole involvement in the matter, arises by his

employment by Discover Products Inc., a "servicing affiliate" for

plaintiff's "collection efforts" regarding "defaulted credit card

accounts.

(Franklin Tyler Akers, a male, is 34 years old, and lives in Jackson, Ohio,
and before that, he lived in Columbus, Ohio.)

No details are provided respecting that affiliate's involvement,

if any, in plaintiff's day to day business operations or its record

keeping practices for accounts that are not in default. No effort is

made to demonstrate that Mr. Akers was actually trained to perform

any task besides signing off on large groups of mass produced affidavits.

And no details are provided respecting when Mr. Akers was first

employed by the servicing affiliate.

Particularly in cases, like this one, where the "business records" at

issue were prepared by a different branch of plaintiff's business, it is not

too much to ask that plaintiff provide foundation proof from someone

who can actually attest to having personal knowledge of plaintiff's record

(30)

keeping practices during that time period. The affidavit, here, provides the Court with no such assurance.

Appellate decisions in other contexts provide further reason for insisting upon greater foundation proof. In the field of no-fault billings and claims, the appellate courts have often held that "third party billers" who use information furnished by medical providers cannot lay a proper "business records" foundation (CPLR 4518) for submission of the medical provider's bills as proof of given claims. See, ( Viviane Etienne Med Care, P.C. v. Country Wide Ins. Co., 31 Misc 3d 21 (App Term 2d Dept 2011); See also, Matter of Carothers v. GEICO, 79 AD3d 864 (2d Dept.2011); Art of Healing Medicine, P.C. v. Travelers Home & Marine Ins., 55 AD3d 644 (2d Dept 2008)). The same rules should apply equally to credit card cases. See, (Discover Bank v. Kivita, supra). Absent proof from a representative of the plaintiff, not presented here, attesting to its own record-keeping practices and procedures, and related proof of its business duty to provide accurate information to its "servicing affiliate," (cf Viviane Etienne Med. Care, supra), the affidavit from Mr. Akers, by

itself, is not enough to lay a proper foundation for plaintiff's business records.

In conclusion, plaintiffs moving papers fail to satisfy its burden of submitting proof, in proper evidentiary form, supporting its claim for Summary Judgment, Breach of Contract, as a Matter of Law.

## PRAYER

WHEREFORE, Appellant respectfully requests:

1. That this court vacate, or, dismiss for cause, with prejudice, the trial court's judgment, as though it never happened.

   And, to remove all costs that Plaintiff has asked for.

2. That this court award costs to the Appellant, including preparation costs for the clerk's record, and the Reporter's record, as well as the fee paid to the Appellate Court.

   The total is $377.00.

3. That this court will have Discover Bank, and Zwicker & Associates, remove this Judgment from all Public records, and Credit Bureau records, immediately, if dismissed.

(32)

**Respectfully Submitted**

Rose M. Geister
Pro Se Litigant

# APPENDIX A

## APPELLANTS TWO REQUESTS, FOR VALIDATION

## OF THE DEBT

SEE PAGE 38

(34)

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this brief , including any caption, cover, table of contents, identities of all parties, list of authorities, issues presented for review, statements of the case, statements of the case, statements of facts, arguments and authorities, prayer, appendix, certificate of compliance, and (2) certificates of service is 6183.

Rose M. Geister

(35)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of December 2015, a true

and correct copy of the foregoing was served, in person, to the

address stated below, pursuant to the Texas Rules of Civil Procedure.

Third Court of Appeals
Price Daniel Sr. Bldg.
209 W 14th Street, Room 101
Austin, Texas 78701

Rose M. Geister

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of December, 2015, a true and

correct copy of the foregoing was served, by mail, priority with

confirmation, to the address stated below, pursuant to the Texas

Rule of Civil Procedure.


Zwicker & Associates, P.C.
Old Town Square
1 Chisholm Trail, Suite 301
Round Rock, Texas 78681

Rose M. Geister

# APPENDIX "A"

November 17, 2014

From:
Rose Geister (defendant)
156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net

To:
Discover Bank (Plaintiff)
Zwicker and Associates (attorneys for plaintiff)
Old Town Square, 1 Chisholm Trail
Suite 301
Round Rock, Tx.78681
(512)218-0488

Cause No. 14-0679-C

Dear Sirs;

I am writing to you today, to dispute the debt you are trying to collect from me, and to request you provide validation the debt is legitimate.

If you have notified the credit reporting agencies of this debt, you must notify them promptly that I have disputed the validity of this debt.

I have notified you in writing, within the 20 day period, and request you cease collection of the debt, or any disputed portion thereof, until you can verify the debt and provide me, by first class mail, the following materials:

1. All documents, including electronic records or images, which bear my signature, and which concern the debt being collected.

2. A ledger, account card, account statement copy, or similar record, whether paper or electronic, which reflects, the date and amount

FILED
2014 NOV 17 AM 12:09 10:14
COUNTY CLERK
HAYS COUNTY, TEXAS

of payments, credits, balances, and charges or expenses incidental to the principal obligation which the creditor is expressly authorized to collect by the agreement creating the debt or permitted to collect by law:

The name and address of the original creditor; and

A copy of any judgment against me.


It is the law:
That within five days of initially contacting me, the collector must send written notice of the debt, that includes:

1.  The amount of the debt.

2.  The name of the original creditor to whom the debt is owed.

3.  A statement, describing my right, to dispute the debt.

**YOU FAILED TO SEND WRITTEN NOTICE OF THE ABOVE.**


You also need to provide me with any correspondence with Freedom Debt Relief, of whom I am a client and which, Discover Bank is involved in active negotiation. You never notified them that you were suing me, nor did you notify them, or me, of anything else.
I found out, quite by accident, while conversing with the clerk of the (Hays County), County Court of Law, about something else, that you, (Discover Bank, and Zwicker and Associates), had filed a lawsuit against me, on October 6, 2014.

Sincerely,


**Rose M. Geister**

FILED

2015 MAY -8 PM 1:09

*Liz Q Gonzales*
COUNTY CLERK
HAYS COUNTY, TEXAS

1ST Request, November 17, 2014 / 2ND Request, MAY 7, 2015

**From:**
Rose Geister (defendant)
156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net

**To:**
Discover Bank (Plaintiff)
Zwicker and Associates (attorneys for plaintiff)
Old Town Square, 1 Chisholm Trail
Suite 301
Round Rock, Tx.78681
(512)218-0488

Cause No. 14-0679-C

--------------------------------------------------------------------------------
SECOND REQUEST TO HAVE THIS DEBT VALIDATED BY ZWICKER
AND ASSOCIATES OR DISCOVER BANK. MY FIRST REQUEST, ON
NOVEMBER 17, 2014 WAS TOTALLY IGNORED, AND WHAT I
RECEIVED ON MARCH 25, WERE STATEMENTS FROM 2014,
AND A LOT OF PRINTED LAW BOOK PAGES NOT PERTAINING
TO ME, OR MY SITUATION. Zwicker and Assoc., need to take this
matter more seriously, as to not do so, may very well be breaking
the law.--------------------------------------------------------------------------

Dear Sirs;

I am writing to you today, to dispute the debt you are trying to collect
from me, and to request you provide validation the debt is legitimate.

If you have notified the credit reporting agencies of this debt, you must
notify them promptly that I have disputed the validity of this debt.

I have notified you in writing, within the 20 day period, and request you

cease collection of the debt, or any disputed portion thereof, until you can verify the debt and provide me, by first class mail, the following materials:

1. All documents, including electronic records or images, which bear my signature, and which concern the debt being collected.

2. A ledger, account card, account statement copy, or similar record, whether paper or electronic, which reflects, the date and amount of payments, credits, balances, and charges or expenses incidental to the principal obligation which the creditor is expressly authorized to collect by the agreement creating the debt or permitted to collect by law:

   The name and address of the original creditor; and

   A copy of any judgment against me.

   It is the law:
   That within five days of initially contacting me, the collector must send written notice of the debt, that includes:

   1. The amount of the debt.

   2. The name of the original creditor to whom the debt is owed.

   3. A statement, describing my right, to dispute the debt.

   YOU FAILED TO SEND WRITTEN NOTICE OF THE ABOVE.

   You also need to provide me with any correspondence with Freedom Debt Relief, of whom I am a client and which, Discover Bank is involved in active negotiation. You never notified them that you were suing me, nor did you notify them, or me, of anything else.

I found out, quite by accident, while conversing with the clerk of the (Hays County), County Court of Law, about something else, that you, (Discover Bank, and Zwicker and Associates), had filed a lawsuit against me, on October 6, 2014.

Sincerely,


Rose M. Geister