Maria S. Masigla, P.T., as Assignee of Destine, Wooselie, Appellant, 
against
21st Century Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Bryan M. Rothenberg (Sharon A. Brennan of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 6, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third, fifth and seventh causes of action are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint. With respect to the third, fifth and seventh causes of action, defendant claimed that the limits of the Florida insurance policy involved herein had been exhausted prior to defendant's receipt of the claims underlying those three causes of action. With respect to the first, second, fourth and sixth causes of action, which constituted the remaining causes of action, defendant claimed that plaintiff was not entitled to be paid for those services pursuant to the workers' compensation fee schedule.
Defendant failed to establish with admissible evidence that Florida law applies and, thus, [*2]that the amount available for no-fault reimbursement under the present policy was limited to $10,000. Moreover, even if defendant had established that Florida law applies, defendant relied upon a payment log to demonstrate that the policy limits had been exhausted; however, the affidavits submitted by defendant failed to establish that the annexed payment log constituted admissible evidence of exhaustion (see CPLR 4518; People v Kennedy, 68 NY2d 569, 579-580 [1986]; Palisades Collection, LLC v Kedik, 67 AD3d 1329, 1330-1331 [2009]; Speirs v Not Fade Away Tie Dye Co., 236 AD2d 531 [1997]; Charles Deng Acupuncture, P.C. v 21st Century Ins. Co., 61 Misc 3d 154[A], 2018 NY Slip Op 51815[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Consequently, defendant failed to make a prima facie showing of its entitlement to summary judgment dismissing the third, fifth and seventh causes of action.
The evidence proffered by defendant in support of the branches of its cross motion seeking summary judgment dismissing the first, second, fourth and sixth causes of action was sufficient to demonstrate that plaintiff was not entitled to be paid for those services pursuant to the workers' compensation fee schedule. In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's arguments which are made for the first time on appeal are not properly before us (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]), and we decline to consider them. 
The branches of plaintiff's motion seeking summary judgment on the third, fifth and seventh causes of action were properly denied, as the proof submitted by plaintiff failed to establish that those claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third, fifth and seventh causes of action are denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019