JP Morgan Chase Bank, N.A., Respondent, v RADS Group, Inc., et al., Appellants. [930 NYS2d 899]—

"To make a prima facie showing of entitlement to judgment

as a matter of law in an action to recover on a note, and on a guaranty thereof, a plaintiff must establish 'the existence of a note and guaranty and the defendants' failure to make payments according to their terms' " (*JPMorgan Chase Bank, N.A. v Galt Group, Inc.*, 84 AD3d 1028, 1029 [2011], quoting *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *see Nissan Motor Acceptance Corp. v Scialpi*, 83 AD3d 1020 [2011]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]).

In support of its motion for summary judgment on the complaint, the plaintiff submitted, inter alia, a copy of the subject promissory note and guaranty. In addition, the plaintiff submitted an affidavit from one of its corporate officers who averred that her knowledge of the relevant facts was based upon a review of the plaintiff's records. Specifically, the affiant asserted that based upon her review of the plaintiff's records, the defendants had failed to meet their obligations under both the note and the guaranty. The plaintiff also submitted a printout of the defendants' payment history on the note, which purported to show that the defendants had defaulted on the note and the guaranty.

As the defendants correctly argued before the Supreme Court, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. On its motion for summary judgment, the plaintiff had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). However, the plaintiff failed to demonstrate the admissibility of its printout of the defendants' payment history on the note under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co.*, 55 AD3d 644 [2008]; *Whitfield v City of New York*, 48 AD3d 798 [2008]; *Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531 [1997]; *Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co.*, 14 Misc 3d 44 [2006]). The plaintiff's affiant did not allege that she was familiar with the plaintiff's record keeping practices and procedures and, thus, she did not lay a proper foundation for the admission of that payment history (*see Palisades Collection, LLC v Kedik*, 67 AD3d 1329 [2009]). Moreover, the plaintiff's affiant did not assert that she had personal knowledge of the defendants' payment history. Since the plaintiff failed to meet its prima facie burden, this Court need not consider the sufficiency of the defendants' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.

In light of our determination, we need not consider the defendants' remaining contentions. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.