■ CITIBANK, N.A., Appellant, v HEYLIN CABRERA, Defendant. [14 NYS3d 420]—

In an action to recover damages for breach of contract and based on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Dear, J.), dated April 28, 2014, which denied its unopposed motion for summary judgment on the complaint and dismissing the defendant's counterclaim.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's counterclaim. On its motion for summary judgment, the plaintiff had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 561 [1980]). In support of its motion, the plaintiff submitted the affidavit of a business operations analyst for CMI, Inc., a company which serviced the defendant's loan on behalf of the plaintiff. The plaintiff's affiant averred that her knowledge of the relevant facts was based, inter alia, on a review of the plaintiff's records, including printouts of the defendant's payment history regarding a certain home equity loan.

The plaintiff's submissions were insufficient to establish its prima facie entitlement to judgment as a matter of law, as the plaintiff failed to demonstrate the admissibility of the records relied upon by its affiant under the business records exception to the hearsay rule (see CPLR 4518 [a]; *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]; *JPMorgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]). A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures (see *Palisades Collection, LLC v Kedik*, 67 AD3d 1329 [2009]; *West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [2002]). Here, the plaintiff's affiant, who was employed by the plaintiff's loan servicer, did not allege that she was personally familiar with the plaintiff's record keeping practices and procedures and, thus, she did not lay a proper foundation for the admission of the defendant's pay-

ment history (*see JPMorgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d at 767; *Palisades Collection, LLC v Kedik*, 67 AD3d 1329 [2009]; *West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [2002]). Moreover, the plaintiff's affiant did not assert that she had personal knowledge of the defendant's payment history (*see JPMorgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d at 767). Thus, the plaintiff failed to satisfy its prima facie burden (*see US Bank N.A. v Madero*, 125 AD3d at 758).

The plaintiff's remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's counterclaim. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.