■ HSBC Mortgage Services, Inc., Respondent, v Phillippa Royal, Appellant, et al., Defendants. [37 NYS3d 321]—

In an action to foreclose a mortgage, the defendant Phillippa Royal appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (R. Garson, J.), dated December 17, 2014, as granted the plaintiff's motion, inter alia, for summary judgment on the complaint, and (2)

from an order of the same court dated January 5, 2015, which granted the plaintiff's motion for summary judgment on the complaint, to strike her answer, to amend the caption, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the appeal from the order dated December 17, 2014, is dismissed, as the portion of the order appealed from was superseded by the order dated January 5, 2015; and it is further,

Ordered that the order dated January 5, 2015, is reversed, on the law, the plaintiff's motion for summary judgment on the complaint, to strike the answer of the defendant Phillippa Royal, to amend the caption, and to appoint a referee to compute the amount due to the plaintiff is denied, and so much of the order dated December 17, 2014, as granted the plaintiff's motion, inter alia, for summary judgment is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In April 2010, the plaintiff commenced this mortgage foreclosure action against, among others, the appellant, alleging that the appellant had defaulted on the subject loan. The plaintiff subsequently moved for summary judgment on the complaint, to strike the appellant's answer, to amend the caption, and to appoint a referee to compute the amount due. In support of its motion, the plaintiff submitted the affidavit of Adam Roesner, the vice president of foreclosure for Caliber Home Loans, Inc., the loan servicer for the plaintiff's successor in interest, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (hereinafter U.S. Bank). Roesner averred, inter alia, that his knowledge of the relevant facts was based on his "examination of the financial books and business records made in the ordinary course of business maintained by or on behalf of the successor in interest to the Plaintiff," and that he was "familiar with the record keeping systems that [the] successor in interest to the Plaintiff and/or its loan servicer use[d] to record and create information related to the residential mortgage loans that it services." The Supreme Court granted the plaintiff's motion.

In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the note, and evidence of the defendant's default in payment (see HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1079 [2016]; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]). On its motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible

form, its prima facie entitlement to judgment as a matter of law (see *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]).

The plaintiff failed to demonstrate the admissibility of the records relied upon by Roesner under the business records exception to the hearsay rule (see CPLR 4518 [a]), and, thus, failed to establish the appellant's default in payment under the note. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2015]; see *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650 [2016]). Roesner, who was employed by the loan servicer to U.S. Bank, did not allege that he was personally familiar with the plaintiff's record keeping practices and procedures. Thus, Roesner failed to lay a proper foundation for the admission of records concerning the appellant's payment history (see *Citibank, N.A. v Cabrera*, 130 AD3d at 861; *JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]), and his assertions based on these records were inadmissible (see *US Bank N.A. v Madero*, 125 AD3d at 758). Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650 [2016]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, since the plaintiff failed to meet its prima facie burden, its motion should have been denied, regardless of the sufficiency of the appellant's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.