■ CADLEROCK JOINT VENTURE, L.P., Appellant-Respondent, v JANE TROMBLEY, Defendant, and PAULA HOLDER et al., Respondents-Appellants. [54 NYS3d 127]—

Appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 2, 2014, and appeal and cross-appeals from a judgment of that court (Randy Sue Marber, J.) entered September 15, 2014. The order granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Paula Holder and Howard Anders, and, in effect, denied, as academic, the cross motion of the defendant Howard Anders and the separate application of the defendant Paula Holder for extensions of time to respond to the plaintiff's notice to admit. The judgment, insofar as appealed from, after a hearing, failed to award the plaintiff damages on the guarantees, and, insofar as cross-appealed from, upon the order entered June 2, 2014, is in favor of the plaintiff and against the defendants Howard Anders and Paula Holder in the principal sum of $32,000 for attorneys' fees.

Ordered that the appeals from the order entered June 2, 2014, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied, so much of the order entered June 2, 2014, as, in effect, denied, as academic, the cross motion of the defendant Howard Anders and the application of the defendant Paula Holder for extensions of time to respond to the plaintiff's notice to admit is vacated, the order entered June 2, 2014, is otherwise modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the cross motion of the defendant Howard Anders and the application of the defendant Paula Holder for extensions of time to respond to the plaintiff's notice to admit, and for further proceedings on the complaint.

The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of

judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from that order are brought up for review and have been considered on the cross appeals from the judgment (*see* CPLR 5501 [a] [1]).

In 2001, Caleb Global Services, Inc. (hereinafter Caleb), executed a promissory note in favor of HSBC Bank USA, N.A. (hereinafter HSBC), in the principal amount of $250,000, with interest at HSBC's prime rate plus 1.75%. The defendants Paula Holder and Howard Anders each purportedly executed personal guarantees of Caleb's obligations under the note. An allonge to the note, dated August 15, 2012, effective as of July 30, 2008, modified the note to provide that it was payable to the order of the plaintiff, Cadlerock Joint Venture, L.P. On August 16, 2012, the plaintiff commenced this action against, among others, Holder and Anders to recover the principal sum of $116,122.92. Thereafter, the plaintiff moved for summary judgment on the complaint based on the note, the guarantees bearing the signatures of Holder and Anders, respectively, and a loan history report created by HSBC concerning the payment history under the note. The plaintiff also submitted an affidavit from one of its employees, an account officer, who averred that her knowledge of the relevant facts was based on her examination of business records "transferred by HSBC to Plaintiff along with the assignment of the Note and Guarantees." Anders cross-moved for an extension of time to respond to a notice to admit which had been served by the plaintiff, and Holder made an application for that same relief in an attorney's affirmation submitted in opposition to the plaintiff's motion. By order entered June 2, 2014, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Holder and Anders, and, in effect, denied Anders' cross motion and Holder's application as academic. On September 15, 2014, the court entered a judgment which, after a hearing, awarded the plaintiff damages for attorneys' fees only. Holder and Anders appeal from the order entered June 2, 2014, and the plaintiff appeals, and Holder and Anders cross-appeal, from the judgment entered September 15, 2014.

"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a guaranty, a plaintiff must submit proof of the underlying note, a guaranty, and the failure of the defendant to make payment in accordance with the terms of those instruments" (*Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d 705, 706 [2011]; *see Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912,

912 [2014]; *HSBC Bank USA, N.A. v Goldberger*, 105 AD3d 906, 907 [2013]). Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense (*see Cadlerock Joint Venture, L.P. v Homesell, Inc.*, 136 AD3d 853, 854 [2016]; *JPMorgan Chase Bank, N.A. v Business Payment Sys., LLC*, 127 AD3d 822, 822 [2015]; *Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d at 707).

Contrary to the Supreme Court's determination, the plaintiff failed to demonstrate the admissibility of the records relied upon by its account officer under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), and thus, failed to establish a default in payment under the note. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Citibank, N.A. v Cabrera*, 130 AD3d 861, 861 [2015]). Here, the plaintiff's account officer did not allege that she was personally familiar with HSBC's record keeping practices and procedures, and thus failed to lay a proper foundation for the admission of records concerning the payment history under the note (*see HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952, 954 [2016]; *Citibank, N.A. v Cabrera*, 130 AD3d at 861; *JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]). Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d at 954; *JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d at 767). Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Holder and Anders should have been denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Since the Supreme Court did not consider the merits of Anders' cross motion and Holder's application for extensions of time to respond to the plaintiff's notice to admit, on remittal the court must determine the cross motion and the application on the merits (*see AutoOne Ins. Co. v Eastern Is. Med. Care, P.C.*, 141 AD3d 499, 501 [2016]; *Deutsche Bank Natl. Trust Co. v Martin*, 134 AD3d 665, 665-666 [2015]).

Moreover, inasmuch as the Supreme Court's error in determining the plaintiff's motion for summary judgment on the issue of liability affected the presentation of evidence at the

hearing on the issue of damages, including, for example, evidence as to the payment history, a new determination on the issue of damages is warranted. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.