Federal Natl. Mtge. Assn. v Marlin (2019 NY Slip Op 00095)





Federal Natl. Mtge. Assn. v Marlin


2019 NY Slip Op 00095


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-07930
 (Index No. 130505/13)

[*1]Federal National Mortgage Association, respondent,
v
Dean Marlin, etc., et al., appellants, et al., defendants.


Wenig Saltiel, LLP, Brooklyn, NY (Meryl L. Wenig of counsel), for appellants.
Fein, Such, Kahn & Shepard, P.C., Westbury, NY (Michael Hanusek and Richard D. Femano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Dean Marlin and Joyce A. Marlin appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 4, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike the answer of those defendants, and for an order of reference.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Dean Marlin and Joyce A. Marlin, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the answer of the defendants Dean Marlin and Joyce A. Marlin, and substituting therefor a provision granting that branch of the motion only to the extent of striking the affirmative defenses and counterclaims asserted in that answer; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Dean Marlin and Joyce A. Marlin.
The defendants Dean Marlin and Joyce A. Marlin (hereinafter together the defendants) executed a mortgage to secure payment of an adjustable rate note to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for GE Money Bank. Thereafter, MERS assigned the mortgage to Residential Credit Solutions, Inc. (hereinafter Residential). The defendants allegedly defaulted on the loan, and Residential commenced this action to foreclose the mortgage. Residential subsequently assigned the mortgage to Federal National Mortgage Association (hereinafter Fannie Mae), which was substituted as the plaintiff in the action.
Fannie Mae moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion, arguing that Fannie Mae failed to demonstrate that Residential had standing to commence the action and otherwise failed to establish Fannie Mae's prima facie entitlement to judgment as a matter of law. By order dated May 4, 2016, the Supreme Court, inter [*2]alia, granted those branches of Fannie Mae's motion, and the defendants appeal.
Contrary to the defendants' contention, Fannie Mae established that Residential had standing to commence the action by showing that Residential attached a copy of the note, endorsed in blank, to the summons and complaint when the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492). "[W]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (U.S. Bank N.A. v Henry, 157 AD3d at 841, quoting JP Morgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
However, Fannie Mae failed to establish its prima facie entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima face case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Henry, 157 AD3d at 840 [internal quotation marks omitted]). When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, "[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see CPLR 3408[a]).
In support of those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, Fannie Mae submitted affidavits of foreclosure specialists employed by Seterus, Inc., its loan servicer. The foreclosure specialists attested that they were personally familiar with the record-keeping practices and procedures of Seterus, Inc., but failed to lay a proper foundation for the admission of records concerning the defendants' payment history and default. Accordingly, Fannie Mae failed to demonstrate that the records relied upon in the affidavits were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; US Bank NA v Handler, 140 AD3d 948, 949). Since Fannie Mae's motion was based on evidence that was not in admissible form (see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954), Fannie Mae failed to establish its prima facie entitlement to judgment as a matter of law, and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference should have been denied, regardless of the sufficiency of the defendants' papers in opposition (see id., citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We agree with the Supreme Court's determination to grant that branch of Fannie Mae's motion which was to strike the defendants' affirmative defenses and counterclaims. To the extent that those portions of the answer relate to Residential's alleged lack of standing, they were properly stricken, and the defendants make no arguments on appeal regarding the remaining affirmative defenses and counterclaims.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court