Deutsche Bank Trust Co. Ams. v Blount (2019 NY Slip Op 02500)





Deutsche Bank Trust Co. Ams. v Blount


2019 NY Slip Op 02500


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-08951
 (Index No. 15194/08)

[*1]Deutsche Bank Trust Company Americas, etc., plaintiff, 
v
Tijuana Blount, appellant, et al., defendants; Deutsche Bank National Trust Company, etc., nonparty-respondent.


Davis, Ndanusa, Ikhlas, Saleem, LLP, Brooklyn, NY (Tarik Davis of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Erin E. Wietecha and Fernando C. Rivera-Maissonet of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tijuana Blount appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated April 22, 2016. The order, insofar as appealed from, granted those branches of the motion of nonparty Deutsche Bank National Trust Company, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against the defendant Tijuana Blount, to strike her answer and affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of nonparty Deutsche Bank National Trust Company, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against the defendant Tijuana Blount, to strike her answer and affirmative defenses, and for an order of reference are denied.
In 2008, the plaintiff commenced this action against Tijuana Blount (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Brooklyn. The defendant served a pro se answer. In April 2014, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), as the plaintiff's assignee, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The Supreme Court granted the motion. The defendant appeals.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644; see Citibank, N.A. v Gentile, 156 AD3d 859, 860; Citigroup v Kopelowitz, 147 AD3d 1014, 1015; HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1079). Here, in support of its motion, Deutsche Bank submitted the mortgage, the note, and the affidavit of Nicholas Collins, a vice president of Ocwen Loan Servicing, LLC (hereinafter Ocwen), Deutsche Bank's loan servicer, in which Collins averred, inter alia, that the defendant defaulted by failing to make the payments due under the note and mortgage after January 1, 2008. The plaintiff also [*2]submitted a limited power of attorney dated June 7, 2012, which demonstrated that Ocwen was authorized to act on Deutsche Bank's behalf. However, Deutsche Bank failed to demonstrate that the records relied upon by Collins, including those relating to the defendant's alleged default, were admissible under the business records exception to the hearsay rule, since Collins, who was employed by Ocwen, did not attest that he was personally familiar with the record-keeping practices and procedures of the plaintiff (see CPLR 4518[a]; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; Citibank, N.A. v Cabrera, 130 AD3d 861, 861-862; JP Morgan Chase Bank, N.A. v RADS Group, Inc., 88 AD3d 766, 767). Thus, Collins failed to lay a proper foundation for admission of the records on which he relied, including the records concerning the defendant's payment history, and therefore, his assertions based on those records were inadmissible (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954).
Since Deutsche Bank failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In view of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court