HSBC Bank USA, Natl. Assn. v Green (2019 NY Slip Op 06482)





HSBC Bank USA, Natl. Assn. v Green


2019 NY Slip Op 06482


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-05385
2016-07197
2016-07198
 (Index No. 6099/13)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Julia Green, etc., respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Ellis M. Oster of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Aveet Basnyat of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated July 21, 2015, (2) an order of the same court dated April 5, 2016, and (3) an order of the same court (Martin M. Solomon, J.) dated May 13, 2016. The order dated July 21, 2015, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Julia Green and for an order of reference. The order dated April 5, 2016, denied the plaintiff's motion for leave to renew its motion for summary judgment on the complaint insofar as asserted against the defendant Julia Green and for an order of reference. The order dated May 13, 2016, granted the motion of the defendant Julia Green, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against her.
ORDERED that the orders are affirmed, with one bill of costs.
In 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendant Julia Green. Along with the complaint, the plaintiff submitted the note, an undated allonge to the note, endorsing the note in blank, and the mortgage.
On May 13, 2015, the plaintiff moved for summary judgment on the complaint insofar as asserted against Green and for an order of reference. In support, the plaintiff submitted the affidavit of Brittany Wilson, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the loan's servicer. Wilson stated that she was familiar with business records maintained by Wells Fargo. She also stated that Green defaulted by failing to make the payment due on October 1, 2011, and subsequent payments. Wilson did not attach or otherwise incorporate any of Wells Fargo's business records to her affidavit. In an order dated July 21, 2015, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against Green and for an order of reference.
The plaintiff then moved for leave to renew its motion, inter alia, for summary [*2]judgment. In support, it submitted the affidavit of Asahia Brooks, another vice president of loan documentation for Wells Fargo. Brooks did not state that Green was in default. In an affirmation in support of the motion for leave to renew, the plaintiff's attorney stated that he did not submit Brooks's affidavit with the original motion, because he believed that Wilson's affidavit was sufficient to establish the plaintiff's entitlement to summary judgment. In an order dated April 5, 2016, the Supreme Court denied the plaintiff's motion for leave to renew, finding that the plaintiff failed to offer a valid excuse for failing to submit the additional facts on the original motion.
The case proceeded to trial, where Brock Wiggins, a loan verification analyst for Wells Fargo, testified on behalf of the plaintiff. Wiggins testified that he had access to Wells Fargo's computerized records. He did not testify that he was familiar with Wells Fargo's practices in making those records, nor did he testify that he had any knowledge regarding the plaintiff's records. When Wiggins was asked whether the subject loan was in default, he stated that he had no personal knowledge that the loan was in default, and that he did not have any business records in front of him concerning the loan. At the close of the plaintiff's case, Green moved for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to meet its prima facie burden. In an order dated May 13, 2016, the Supreme Court granted Green's motion. The plaintiff appeals from the orders dated July 21, 2015, April 5, 2016, and May 13, 2016, respectively.
We agree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Green. "In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261).
Here, the plaintiff established standing by submitting the note, the mortgage, and the endorsement of the note in blank, when it filed the complaint (see e.g. U.S. Bank Natl. Assn. v Cox, 148 AD3d 962, 963; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). However, Green correctly contends that the plaintiff failed to submit evidence establishing her default. Wilson failed to attach or incorporate any of Wells Fargo's business records to her affidavit. Accordingly, her affidavit constituted inadmissible hearsay and lacked probative value (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197).
The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew the motion for summary judgment on the complaint insofar as asserted against Green and for an order of reference. " A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Kamdem-Ouaffo v Pepsico, Inc., 133 AD3d 828, 828, quoting Elder v Elder, 21 AD3d 1055, 1055). Here, the plaintiff failed to provide a reasonable explanation for failing to provide the information contained in Brooks's affidavit with the original motion (see Caffee v Arnold, 104 AD2d 352). In any event, Brooks's affidavit failed to establish Green's default. Thus, her affidavit would not have changed the prior determination.
We also agree with the Supreme Court's determination that the plaintiff failed to meet its prima facie burden at trial. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). At the trial in this case, Wiggins testified only that he had access to Wells Fargo's computerized records. He did not testify that he was familiar with Wells Fargo's practices in making those records, and he failed to state that he had any knowledge regarding the plaintiff's records. Moreover, the plaintiff did not attempt to introduce any of the relevant records into evidence. Thus, Wiggins failed to establish an evidentiary basis for his statement that the subject loan was in default (see e.g. HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954).
Thus, we agree with the Supreme Court's determination to grant Green's motion for [*3]judgment as a matter of law dismissing the complaint insofar as asserted against her.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court