GMAC Mtge., LLC v Yorke (2019 NY Slip Op 06752)





GMAC Mtge., LLC v Yorke


2019 NY Slip Op 06752


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-05920
2019-09727
 (Index No. 14560/12)

[*1]GMAC Mortgage, LLC, appellant, 
v
Latisha Yorke, et al., respondents, et al., defendants.


Hinshaw Culbertson LLP, New York, NY (Matthew Ferlazzo and Schuyler B. Kraus of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg), dated May 26, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment dismissing the second, third, sixth, and twenty-second through twenty-fourth affirmative defenses of the defendants Latisha Yorke and Ayana Yorke-Winchester, which all in substance alleged that the plaintiff lacked standing, and their fourth affirmative defense, which alleged that the plaintiff failed to comply with RPAPL 1304, and to for leave to amend the caption to substitute Ocwen Loan Servicing, LLC, as the plaintiff. The appeal brings up for review so much of an order of the same court dated November 17, 2016, as denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for leave to amend the caption and for summary judgment dismissing the defendants' second, third, sixth, and twenty-second through twenty-fourth affirmative defenses, which alleged that the plaintiff lacked standing (see CPLR 5517[b]).
ORDERED that the order dated May 26, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute Ocwen Loan Servicing, LLC, as the plaintiff, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and that branch of the plaintiff's motion which was for leave to renew that branch of its prior motion which was for leave to amend the caption to substitute Ocwen Loan Servicing, LLC, as the plaintiff is denied as academic; and it is further,
ORDERED that the order dated November 17, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Latisha Yorke and Ayana Yorke-Winchester.
The plaintiff commenced this action against the defendants Latisha Yorke and Ayana [*2]Yorke-Winchester (hereinafter together the defendants), among others, to foreclose a mortgage. The defendants served an answer, in which they asserted various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304, and several counterclaims. The plaintiff moved pursuant to CPLR 3025(b) for leave to amend the caption to substitute Ocwen Loan Servicing, LLC (hereinafter Ocwen), as the plaintiff, and for summary judgment dismissing the defendants' affirmative defenses and counterclaims. In an order dated May 26, 2015, the Supreme Court denied those branches of the plaintiff's motion which were for leave to amend the caption to substitute Ocwen as the plaintiff and for summary judgment dismissing the defendants' second, third, sixth, and twenty-second through twenty-fourth affirmative defenses, which all in substance alleged lack of standing, and fourth affirmative defense, which alleged failure to comply with RPAPL 1304, and otherwise granted the motion. In a subsequent order dated November 17, 2016, the court denied the plaintiff's motion, inter alia, for leave to renew those branches of its prior motion which were to amend the caption and for summary judgment dismissing the defendants' affirmative defenses which alleged that the plaintiff lacked standing. The plaintiff appeals.
In support of that branch of its motion, among other things, for summary judgment dismissing the defendants' affirmative defenses, the plaintiff submitted, inter alia, the affidavit of Crystal Kearse. Kearse was a loan analyst employed by Ocwen Financial Corporation, "whose indirect subsidiary [was] [Ocwen], the successor servicer to [the plaintiff] and servicing agent of Ginnie Mae." Kearse averred therein, based on her "personal review" of the books and business records of Ocwen, the plaintiff, Ginnie Mae, and their agents, that the subject original note, endorsed in blank, was delivered to the plaintiff on or before May 4, 2009, and that a 90-day notice was sent to the defendants on February 22, 2012, "by regular and certified mail." However, the plaintiff failed to establish the admissibility of the records on which Kearse relied pursuant to the business records exception to the hearsay rule (see CPLR 4518[a]). A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures (see City Natl. Bank v Foundry Dev. Group, LLC, 160 AD3d 920, 921; Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652; Citibank, N.A. v Cabrera, 130 AD3d 861, 861). Here, Kearse did not aver in her affidavit that she had personal knowledge of the business practices and procedures of Ocwen, the plaintiff, Ginnie Mae, or their agents and, thus, did not lay a proper foundation for the admission of the records (see Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d at 959; cf. City Natl. Bank v Foundry Dev. Group, LLC, 160 AD3d at 921). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging lack of standing and failure to comply with RPAPL 1304, we agree with the Supreme Court's denial of those branches of the plaintiff's motion which were for summary judgment dismissing these affirmative defenses. The issues of the plaintiff's standing and compliance with RPAPL 1304 will be determined at trial.
However, under the circumstances, and considering the evidence submitted in support of the plaintiff's motion, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute Ocwen as the plaintiff (see CPLR 1018; 3025[b]; Washington Mut. Bank v Nussen, 138 AD3d 828, 830).
We agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment dismissing the defendants' affirmative defenses which alleged that the plaintiff lacked standing, since the plaintiff offered no new facts on the motion that would change the prior determination (see CPLR 2221[e][2]; Tingling v C.I.N.H.R., Inc., 74 AD3d 954, 956).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court