Anghel v Ruskin Moscou Faltischek, P.C. (2021 NY Slip Op 00403)





Anghel v Ruskin Moscou Faltischek, P.C.


2021 NY Slip Op 00403


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03161
 (Index No. 7265/14)

[*1]Maria-Lucia Anghel, etc., appellant,
v
Ruskin Moscou Faltischek, P.C., et al., respondents.


Maria-Lucia Anghel, Oceanside, NY, appellant pro se.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Matthew J. Bizzaro of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered January 4, 2019. The order granted the defendants' motion for summary judgment dismissing the causes of action alleging breach of contract, violation of Judiciary Law § 487, and breach of fiduciary duty, and for a protective order.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract, violation of Judiciary Law § 487, and breach of fiduciary duty, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
This appeal concerns an action to recover damages for legal malpractice, breach of contract, violation of Judiciary Law § 487, and breach of fiduciary duty commenced by the plaintiff against the defendants, described in greater detail in a related appeal (see Anghel v Ruskin Moscou Faltischek, P.C., ___ AD3d ___ [Appellate Division Docket No. 2017-06185; decided herewith]).
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated October 30, 2015, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice. With respect to the remaining causes of action, the court specified that the issues concerned, inter alia, (1) whether the plaintiff's professional liability insurers declined her coverage for reimbursement of legal fees based on the failure of the defendant Ruskin Moscou Faltischek, P.C. (hereinafter RMF), to forward bills in a timely manner in breach of the parties' retainer agreement, and (2) whether the defendants applied the plaintiff's $100,000 payment to RMF to satisfy arrears relating to services rendered in preparing the brief filed in connection with a proceeding pursuant to CPLR article 78.
After the defendants interposed an answer and the parties conducted discovery, the [*2]Supreme Court issued a certification order dated August 22, 2018, which directed the plaintiff to file a note of issue. Thereafter, the plaintiff served the defendants with supplemental requests for documents, both dated September 10, 2018.
The defendants then moved for summary judgment dismissing the three remaining causes of action, and pursuant to CPLR 3103 for a protective order precluding the defendants from responding to the plaintiff's supplemental requests. The plaintiff opposed the motion. In an order entered January 4, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit" (GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967; see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 562). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action. In support of their motion, the defendants submitted, inter alia, and significantly relied on: (1) correspondence between the plaintiff and her insurers (hereinafter the insurer correspondence); (2) a Matter Ledger Card which purports to set forth the legal matters on which the defendants worked for the plaintiff as well as the plaintiff's payment history relating to such matters; and (3) an affidavit of the defendant Alexander G. Bateman, Jr., sued herein as Alexander G. Bateman, a member of RMF.
As the Supreme Court noted, while the plaintiff did not object to the authenticity of the insurer correspondence, she did object to its admissibility, and further objected to the Matter Ledger Card as inadmissible hearsay. We agree with the plaintiff that the court should not have considered these documents because the defendants failed to submit them in admissible form (see Atlantic Fin., LLC v Xinlei Lin, 158 AD3d 598, 599; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 821).
The defendants failed to lay a proper foundation for the admissibility of the Matter Ledger Card pursuant to CPLR 4518. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861). Bateman's affidavit failed to set forth that he "was personally familiar with [RMF's] record keeping practices and procedures" and, as a result, failed to lay a proper foundation for the admission of the Matter Ledger Card concerning the plaintiff's payment history (Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959). As such, the Supreme Court erred in relying on the insurer correspondence, the Matter Ledger Card, and Bateman's averments as to the contents of the ledger. Thus, the court should have denied those branches of the defendants' motion which were for summary judgment dismissing the remaining causes of action regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for a protective order (see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court