## Libertas Funding LLC v CDM Plumbing Inc

2024 NY Slip Op 30909(U)

March 19, 2024

Supreme Court, Kings County

Docket Number: Index No. 534890/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CIVIL TERM: COMMERCIAL PART 8
-------------------------------------------x
LIBERTAS FUNDING LLC,

                     Plaintiff,       Decision and order

      - against -             Index No. 534890/2023

CDM PLUMBING INC DBA ROTO-ROOTER;
CDM WATER RESTORATION INC and
MICHAEL THOMAS MERZ, DALE ANN MERZ,

                  Defendants,       March 19, 2024
-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN         Motion Seq. #1

        The plaintiff has moved seeking summary judgement pursuant to CPLR §3212 arguing there are no questions of fact the defendants owe the money sought. The plaintiff has also moved seeking to dismiss defendant's counterclaims. The defendants have opposed the motions. Papers were submitted by the parties and after reviewing all the arguments this court now makes the following determination.

        On May 10, 2023 and September 6, 2023, the plaintiff a merchant cash advance funding provider entered into contracts with defendants who reside in Texas. Pursuant to the agreements the plaintiff purchased $325,000 of defendant's future receivable for $250,000 and $130,000 of defendant's future receivables for $130,000. The defendants guaranteed the agreements. The plaintiff asserts the defendants stopped remittances in November 2023 and now owe $214,313.65. Further, the plaintiff asserts the defendant breached the agreement by by changing the designated bank account without Plaintiff's authorization and by placing a

[*1]

stop payment on the account. This action was commenced and now the plaintiff seeks summary judgement arguing there can be no questions of fact the defendants owe the amount outstanding and judgement should be granted in their favor. The defendants oppose the motion arguing there are questions of fact which preclude a summary determination at this time.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

Concerning establishing any default, it is well settled that "a proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank N.A. v. Cabrera, 130 AD3d 861, 14 NYS3d 420 [2d Dept., 2015]). Thus, where a party introduces evidence of the existence of loans, personal guarantees and the defendant's failure to make payments according to the terms of the instruments then summary judgement

[* 2]

is proper (see, JPMorgan Chase Bank N.A., v. Bauer, 92 AD3d 641, 938 NYS2d 190 [2d Dept., 2012]).  In this case the plaintiff submitted the affidavit of Ricky Palacio a customer service representative of the plaintiff.  He stated that he reviewed the plaintiff's records in connection with the loans extended in this case.  He further stated that all the documents he reviewed were maintained in the regular course of business and all such records were made near their occurrence with someone who had knowledge at that time and that the plaintiff's standard practice is to keep such records in the ordinary course of business.  Thus, the plaintiff has established the admissibility of the records relied upon since Mr. Palacio had knowledge and familiarity of the plaintiff's practices and procedures (see, Cadlerock Joint Venture L.P. v. Trombley, 150 AD3d 957, 54 NYS3d 127 [2d Dept., 2017]).

The specific record in support of the motion seeking summary judgement is remittance payment statements which demonstrates that certain payments due were never forwarded to the plaintiff (see, NYSCEF Doc. No. 4 and Doc. No. 5).  Therefore, the proper foundation for the admission of such document has been provided by Mr. Palacio who establish familiarity with the record keeping practices of the plaintiff (see, JPMorgan Chase Bank N.A., v. Rads Group Inc., 88 AD3d 766, 930 NYS2d 899 [2d Dept., 2011]).

Therefore, the plaintiff established its entitlement to

3

[* 3]

summary judgement.

The defendants insist the plaintiff has failed to eliminate all questions of fact. However, upon the presentation of the evidence noted above, the plaintiff has sufficiently demonstrated funds were given to the defendants and such funds have not been fully returned. The remittence payments along with the affidavit of Mr. Palacio are sufficient to eliminate all questions of fact in this regard. Further, although the defendants allude to the fact the contract is not valid on the grounds of usury they make no such substantive arguments in opposition to the motion seeking summary judgement.

Therefore, based on the foregoing, the motion seeking summary judgement is granted.

So ordered.

ENTER:

DATED: March 19, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC