HSBC Bank USA, N.A. v Vasishta (2025 NY Slip Op 04885)

HSBC Bank USA, N.A. v Vasishta

2025 NY Slip Op 04885

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-04628 
2021-09462
 (Index No. 502114/12)

[*1]HSBC Bank USA, National Association, respondent,
vJeffrey . Vasishta, etc., et al., appellants.

Sharova Law Firm, Brooklyn, NY (Charles W. Marino and Thomas Tyrrell, Jr., of counsel), for appellants.
Kirschenbaum & Phillips, P.C., Farmingdale, NY (Love Ahuja of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of a loan agreement and to recover on a personal guaranty, the defendants appeal from (1) an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 16, 2021, and (2) a judgment of the same court, dated December 21, 2021. The order granted the plaintiff's motion for summary judgment on the complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $51,291.55.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the complaint is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In July 2012, the plaintiff commenced this action against the defendants, Jeffrey V. Vasishta and VSV Properties, LLC, to recover the balance allegedly owed pursuant to a business loan agreement and a personal guaranty, executed by Vasishta in November 2007. In November 2019, the plaintiff moved for summary judgment on the complaint. The defendants opposed the motion. In an order dated March 16, 2021, the Supreme Court granted the plaintiff's motion. On December 21, 2021, a judgment was entered, upon the order, in favor of the plaintiff and against the defendants in the total sum of $51,291.55. The defendants appeal from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"'[A] motion for summary judgment will not be granted if it depends on proof that would be inadmissible at the trial under some exclusionary rule of evidence'" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52, quoting David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:18 at 27 [2005 ed]; see Bank [*2]of N.Y. Mellon v Gordon, 171 AD3d 197, 202). "'Records made in the regular course of business are hearsay when offered for the truth of their contents'" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 204, quoting Jerome Prince, Richardson on Evidence § 8-301 [Farrell 11th ed 1995]). "When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, '[a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures'" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681, quoting Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see CPLR 3408[a]).
In support of its motion for summary judgment on the complaint, the plaintiff submitted an affidavit of Denine Chevillot Knowles, its vice president. Though Knowles attested that she had "personal knowledge of the relevant business practices of Plaintiff," she did not attest that the records submitted in support of the motion were "made in the regular course of business" and were "needed and relied on in the performance of functions of the business," that it was "the regular course of such business to make the record[s]," or that the records were "made at or about the time of the event being recorded" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205 [internal quotation marks omitted]). Thus, Knowles failed to lay a proper foundation for the admission of any records concerning the defendants' payment history and default (see Bank of N.Y. Mellon v Demasco, 226 AD3d 855, 858; U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012). Accordingly, the plaintiff failed to demonstrate that the records relied upon in the affidavit were admissible under the business records exception to the hearsay rule.
Inasmuch as the plaintiff's motion for summary judgment on the complaint was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and its motion should have been denied regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court